UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES MEDINA-RODRIGUEZ
#957537,

        Plaintiff,

v.

UNKNOWN FRANK, et al.,

        Defendants.

_____/

Hon. Phillip J. Green

Case No. 1:22-cv-00471

## OPINION

      This matter is before the Court on Defendant Frank's Motion for Summary Judgment (ECF No. 35, 36). The parties have consented to proceed in all matters in this action under the jurisdiction of a United States magistrate judge. 28 U.S.C. § 636(c)(1). For all the reasons discussed herein, Defendant's motion will be granted and this matter terminated.

## BACKGROUND

      Plaintiff is an inmate at the Oaks Correctional Facility located in Manistee, Michigan. (Compl., ECF No. 1, PageID.1-3). Plaintiff claims that, on February 19, 2022, he was returning to his cell when another inmate, Nakita Oliver, threw an unknown, burning liquid into Plaintiff's eyes. (*Id.* at PageID.3). Oliver received a misconduct ticket, and a memo was allegedly circulated among correctional officers

prohibiting contact between Plaintiff and Oliver.  (*Id.*).  This memo has not yet been discovered and is missing from the current record.

A few days later, on February 23, 2022, Plaintiff was in his cell located in the "Start Unit" when inmate Oliver opened Plaintiff's door and beat Plaintiff for several minutes.  In the "Start Unit," prison policy requires inmates to be handcuffed and accompanied by a guard, and cell doors may only be unlocked from the guard control booth.  (*Id.*).  Plaintiff alleges that Defendant Correctional Officer Frank "maliciously and sadistically" unlocked the cell doors to instigate the assault.  (ECF No. 41, PageID.227).  Plaintiff further alleges that Officer Frank later mocked him and denied medical assistance for his injuries.  (ECF No. 1, PageID.3).

Plaintiff has exhausted his administrative remedies, and he now brings the instant action alleging that Defendant Frank violated his constitutional rights under the Eighth Amendment.  (*Id.* at PageID.4).  Specifically, Plaintiff claims that Defendant Frank's actions constituted gross negligence as well as cruel and unusual punishment.  (*Id.*).  On November 17, 2022, the Court entered a PLRA (Prison Litigation Reform Act) screening opinion dismissing, for failure to state a claim, Defendants Grossman and Peterson as well as Plaintiff's claim regarding denial of medical treatment.  (*See generally*, ECF No. 7).  Defendant Frank is now the sole Defendant remaining in this action.

Defendant now files the present motion for summary judgment.  (ECF No. 35, 36).  Defendant alleges that summary judgment is warranted on the basis that Plaintiff cannot prove his Eighth Amendment failure-to-protect claim, that qualified

immunity applies to Defendant Frank's actions.  (*See generally,* ECF No. 36).
Plaintiff alleges that genuine issues of material fact preclude granting summary
judgment.  (ECF No. 41, PageID.222).

## LEGAL STANDARD

Summary judgment "shall" be granted "if the movant shows that there is no
genuine dispute as to any material fact and the movant is entitled to judgment as a
matter of law."  FED. R. CIV. P. 56(a).  A party moving for summary judgment can
satisfy its burden by demonstrating "that the respondent, having had sufficient
opportunity for discovery, has no evidence to support an essential element of his or
her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005).  Once the moving
party demonstrates that "there is an absence of evidence to support the nonmoving
party's case," the nonmoving party "must identify specific facts that can be
established by admissible evidence, which demonstrate a genuine issue for trial."
*Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006).

While the Court must view the evidence in the light most favorable to the
nonmoving party, the party opposing summary judgment "must do more than simply
show that there is some metaphysical doubt as to the material facts."  *Amini*, 440
F.3d at 357.  The existence of a mere "scintilla of evidence" in support of the non-
moving party's position is insufficient.  *Daniels v. Woodside*, 396 F.3d 730, 734-35
(6th Cir. 2005).  The non-moving party "may not rest upon [his] mere allegations,"
but must instead present "significant probative evidence" establishing that "there is
a genuine issue for trial."  *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006).

Moreover, the nonmoving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and… may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id.* at 353-54. In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002). Where the moving party has the burden, "his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986). The Sixth Circuit has emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561. Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different

interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## ANALYSIS

Defendant has filed the present motion for summary judgment, arguing that Plaintiff cannot carry his burden of proof regarding his Eighth Amendment failure-to-protect claim, and, in the alternative, that he is entitled to qualified immunity. (ECF No. 36, PageID.161-68).  Plaintiff claims that genuine disputes of material fact preclude summary judgment at this stage.  Specifically, he asserts that it is disputed whether Defendant Frank knew of the risk inmate Oliver posed to Plaintiff.  (ECF No. 41, PageID.225).

## I.    Eighth Amendment

Defendant argues that Plaintiff cannot prove he was "deliberately indifferent" to the risk posed by inmate Oliver, both because Plaintiff cannot show that there was a substantial risk to his safety and because Plaintiff cannot show that Officer Frank was aware of and disregarded that substantial risk.  (ECF No. 36, PageID.163-67).

The Constitution "does not mandate comfortable prisons," *Rhodes v. Chapman,* 452 U.S. 337, 349 (1981), but neither does it permit inhumane ones, and it is now settled that "the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment[.]" *Helling v. McKinney,* 509 U.S. 25, 31 (1993).  In its prohibition of "cruel and unusual punishments," the Eighth Amendment places restraints on prison officials, who may not, for example, use excessive physical force against prisoners.  *See Hudson v.*

*McMillian,* 503 U.S. 1 (1992).  The Amendment also imposes duties on these officials, who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must "take reasonable measures to guarantee the safety of the inmates[.]"  *Hudson v. Palmer,* 468 U.S. 517, 526–527 (1984); *see Helling,* 509 U.S. at 31–32; *Washington v. Harper,* 494 U.S. 210, 225 (1990).

It is well known that "prison officials have a duty… to protect prisoners from violence at the hands of other prisoners."  *Farmer v. Brennan*, 511 U.S. 825, 833 (1994).  "Being violently assaulted in prison is simply not 'part of the penalty that criminal offenders pay for their offenses against society.'"  *Id.* (quoting *Rhodes,* 452 U.S. at 347).  Not every injury an inmate suffers at the hands of another, however, translates into constitutional liability for prison officials.

First, the deprivation must be "sufficiently serious," which, in the context of a failure-to-protect claim, means that the prisoner must show that he is incarcerated under conditions posing a substantial risk of serious harm.  *Id.* at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)).  Second, the prison official must have a "sufficiently culpable state of mind."  *Wilson,* 501 U.S. at 298-30.  The required state of mind is one of "deliberate indifference" to inmate health or safety, meaning that the official is "subjectively aware of the risk" and "fails to take reasonable measures to abate it."  *Farmer*, 511 U.S. at 834.  In other words, "the official must be aware of the facts from which the inference could be drawn that a substantial risk of harm

exists, and he must also draw that inference." *Reedy v. West*, 988 F.3d 907, 914 (6th Cir. 2021) (citing *Bishop v. Hackel*, 636 F.3d 757, 766 (6th Cir. 2011)).

Even viewing the evidence in the light most favorable to Plaintiff, no reasonable jury could conclude that Defendant was subjectively aware of the risk that inmate Oliver posed to Plaintiff. Plaintiff must introduce evidence proving that Defendant "had enough personal contact with [Plaintiff] to be subjectively aware of his vulnerability to attacks or the abuse he alleges he was suffering." *Bishop*, 636 F.3d at 768. Defendant denies any knowledge of Oliver's prior assault of Plaintiff, however, and no evidence of an after-incident memo has been introduced to show he could have known.[1] (ECF No. 36-3, PageID.193). Defendant also generally denied knowledge of Oliver as a person generally; in other words, there are no facts indicating Defendant knew of Oliver's risk to the population in general.[2] (*Id.*); *Taylor*

---

[1] That is, the only facts surrounding whether an after-incident memo was generated on February 19, 2022, come from Plaintiff's allegations themselves. Defendant alleges no memo was generated, and Plaintiff has not submitted to the record any sworn third-party statements supporting the memo's existence, despite his claims that he obtained "upon information" knowledge of the memo's generation. (*See* ECF No. 36-2, PageID.181) (where Plaintiff testifies, "I don't even know if there was even – been a memo wrote [sic] – written. I'm just going by – upon information.").

[2] Plaintiff alleges that each button unlocking a cell door is labeled with the inmate's name and special notes; here, Plaintiff alleges that inmate Oliver's unlock button was labelled with a warning of violence per MDOC policy. Plaintiff has not adduced evidence supporting his assertion, however, and Defendant is silent on the matter. Similarly, while Plaintiff and another inmate testified that Defendant first opened Oliver's door before opening Plaintiff's door, Plaintiff has failed to offer evidence establishing this fact. *See Bates v. Ohio Dep't of Rehab. and Corr.*, No. 1:22-cv-337, 2023 WL 3437198, at *6 (S.D. Ohio May 12, 2023) (denying summary judgment on a failure-to-protect claim's subjective component, where the moving party, the inmate plaintiff, failed to provide evidence other than testimony from fellow inmates).

*v. Mich. Dep't of Corr.*, 69 F.3d 76, 81 (6th Cir. 1995) (noting that "the correct inquiry is whether [an official] had knowledge about the substantial risk of serious harm to a particular class of persons, not whether he knew who the particular victim turned out to be.").

Nor can it be said that there was an "obvious," substantial risk to Plaintiff's safety such that a factfinder may be permitted nonetheless to conclude that Defendant "must have known" of the risk. *See Farmer*, 511 U.S. at 842-43. Indeed, there is no evidence that Defendant had any information regarding a substantial risk that was "longstanding, pervasive, well-documented, or expressly noted by prison officials in the past." *See id.* at 842.

Plaintiff has failed to present any evidence that Defendant knew of Oliver or any risk posed by Oliver. Accordingly, Plaintiff's failure-to-protect claim cannot survive summary judgment. Defendant is entitled to summary judgment on Plaintiff's Eighth Amendment failure-to-protect claim.

## II.    Qualified Immunity

Defendant also argues that they are entitled to qualified immunity, because Plaintiff's constitutional rights were not violated. (ECF No. 36, PageID.168-70). Plaintiff does not provide an argument with respect to qualified immunity, instead alleging that Officer Frank possessed subjective knowledge of a substantial risk of harm. (*See* ECF No. 41, PageID.227-31).

The doctrine of qualified immunity recognizes that government officials must be able to carry out their duties without fear of litigation. *See Davis v. Scherer*, 468

U.S. 183, 195 (1984).  They can do so only if they reasonably can anticipate when their conduct may give rise to liability for damages and if unjustified lawsuits are quickly terminated.  *Id.*  When government officials perform discretionary functions, they are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.  *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *see also, Behrens v. Pelletier*, 516 U.S. 299, 301 (1996).

For a right to be clearly established there must exist "binding precedent from the Supreme Court, the Sixth Circuit, the district court itself, or other circuits that is directly on point."  *Wenk v. O'Reilly*, 783 F.3d 585, 598 (6th Cir. 2015) (citation omitted).  Court decisions examining matters at a "high level of generality" do not constitute clearly established law because such "avoids the crucial question whether the official acted reasonably in the particular circumstances that he or she faced."  *Id.* (citation omitted).  The plaintiff need not locate authority in which "the very action in question has previously been held unlawful," but "in light of pre-existing law the unlawfulness [of the defendant's actions] must be apparent."  *Id.* (citation omitted).  This does not require the plaintiff to identify "a case directly on point, but existing precedent must have placed the statutory or constitutional question beyond debate."  *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011).

When a defendant asserts the defense of qualified immunity, the burden shifts to the plaintiff "to demonstrate both that the challenged conduct violated a constitutional or statutory right, and that the right was so clearly established at the

time of the conduct 'that every reasonable official would have understood that what he [was] doing violate[d] that right.'" *T.S. v. Doe*, 742 F.3d 632, 635 (6th Cir. 2014) (quoting *al-Kidd*, 563 U.S. at 741).

Here, Plaintiff has failed to carry his burden to show that Defendant's conduct violated his Eighth Amendment rights.  As discussed above, Plaintiff's failure-to-protect claim fails because no reasonable jury could conclude that Defendant possessed subjective knowledge of a substantial risk of harm.  Accordingly, because Plaintiff has not shown that Defendant acted with deliberate indifference, qualified immunity applies and Defendant's Motion for Summary Judgment is granted.

## <u>CONCLUSION</u>

For the reasons articulated herein, Defendants' Motion for Summary Judgment (ECF No. 35) is **GRANTED** and this action terminated.

Furthermore, and for the same reasons that the Court grants Defendants' motion, the Court discerns no good-faith basis for an appeal within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir.1997) (overruled on other grounds by *Jones v. Bock*, 549 U.S. 199 (2007)).

A Judgment consistent with this Opinion will enter.

Date: March 31, 2025                                         /s/ Phillip J. Green
                                                             PHILLIP J. GREEN
                                                             United States Magistrate Judge